IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      :

                     :

     v.             :      I.D. No.: 2305013446

                     :

THOMAS R. CLARK,      :

                     :

     Defendant.     :

## ORDER

1. On September 24, 2024, Defendant Thomas R. Clark pled guilty to Possession of Firearm Ammunition by a Person Prohibited ("PABPP") and Carrying a Concealed Deadly Weapon, a Firearm ("CCDW").[1] On October 1, 2024, at a deferred sentencing hearing, the Court sentenced Mr. Clark to an aggregate of 16 years at supervision level V, suspended after 7 years at supervision level V, followed by descending levels of probation.[2]

2. On March 2, 2026, Mr. Clark filed a Motion for Correction of Illegal Sentence under Rule 35(a), arguing that he is due sentencing relief under Erlinger v. United States.[3] Mr. Clark contends that his sentence must be corrected because: (1)

---

[1] State v. Thomas R. Clark, Crim. I.D. No. 2305013446, Docket Item (D.I.) 24.

[2] D.I. 26-27.

[3] D.I. 41, citing Erlinger v. United States, 602 U.S. 921 (2024).

1

all facts relating to a defendant's sentence must be presented to a jury; and (2) his sentence constitutes an illegally enhanced sentence.[4]

3. A review of the chronology of Mr. Clark's plea and sentencing – and his sentence itself – reveals his motion lacks merit. Mr. Clark negotiated a plea agreement with the State. As part of that agreement, the State and Mr. Clark jointly recommended a sentence of 16 years at supervision level V, suspended after 7 years at supervision level V, followed by descending levels of probation.[5] Further, Mr. Clark assented to being placed on pretrial GPS pending his deferred sentencing hearing.[6]

4. The Court conducted a plea colloquy with Mr. Clark on September 24, 2024. As part of that colloquy, the Court informed Mr. Clark of the minimum mandatory sentences attached to the charges to which he pled, as well as the potential maximum penalty the Court could impose if it accepted his guilty plea.[7]

---

[4] Mot. for Correction of Illegal Sentence, D.I. 41 at 4-5.

[5] Tr. of Mr. Clark's Plea Colloquy, D.I. 42 at 3-7 (Sep. 24, 2024). As part of this plea colloquy, the Court confirmed Mr. Clark's understanding and assent to the terms of the negotiated plea agreement.

[6] Id. See also Id. at 13-14. Defense counsel indicated to the Court that Mr. Clark was advised of "the generally accepted practice" that the Court would likely sentence him as recommended if he appeared to Court promptly on the deferred sentencing date. Further, the Court advised Mr. Clark that, if he did not appear for the deferred sentencing, it would order a pre-sentence investigation, and take the failure to appear into account when considering the 16-year maximum sentence.

[7] Id. at 9.

5.  On October 1, 2024, Mr. Clark was sentenced by a different judicial officer.[8] No sentencing enhancement was applied at any time by the sentencing judge. The sentencing judge imposed the sentence recommended by the parties.[9]

6.  By entering a guilty plea, Mr. Clark relieved the State of its evidentiary burden to prove the charges against him beyond a reasonable doubt.[10] As Mr. Clark's sentence was not subject to any enhancements, there were no facts affecting his sentence remaining to be presented to a jury.[11]

7.  Moreover, because Mr. Clark's sentence was not enhanced in any way, it could not possibly be "illegally enhanced." Mr. Clark received a sentence that fell within the standard statutory range for each offense to which he pled guilty. That Mr. Clark agreed to that sentence as part of a plea agreement – which was confirmed by two separate judicial officers, in two separate colloquies, on two separate dates[12] – further highlights that Mr. Clark did not receive an illegally-enhanced sentence.

---

[8] Tr. of Mr. Clark's Sentencing, D.I. 43 (Oct. 1, 2024). As part of sentencing, the Court again confirmed the terms of the negotiated plea agreement. Id. at 4-5.

[9] Id. at 8-10.

[10] Hopkins v. State, 309 A.3d 423 (Del. 2023) (TABLE).

[11] See Phillips, v. State, 2025 WL 1693652, at *2 (Del. June 16, 2025) (TABLE) (noting that Erlinger requires "a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions for sentencing enhancements under the Armed Career Criminal Act.").

[12] See Tr. of Mr. Clark's Plea Colloquy, D.I. 42, at 4-10 (Sep. 24, 2024); See also Tr. of Mr. Clark's Sentencing, D.I. 43, at 4-5 (Oct. 1, 2024).

3

8.      Mr. Clark has failed to demonstrate any illegality affecting his sentence. He has also failed to demonstrate Erlinger has any applicability to his sentence. Accordingly, his motion under Rule 35(a) is **DENIED**.

**IT IS SO ORDERED this 26th day of March, 2026.**

_____

Reneta L. Green-Streett, Judge

RLG/ds
oc:     Prothonotary
cc:     Thomas R. Clark
        Department of Justice
        Office of Conflict Counsel
        File

4